**AFFIRMED and Opinion Filed December 11, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00145-CV

## ABUNDANT LIFE THERAPEUTIC SERVICES TEXAS, LLC, Appellant
### V.
## THOMAS T. HEADEN, III, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-15576**

## MEMORANDUM OPINION

Before Chief Justice Burns, and Justices Pedersen, III and Evans
Opinion by Chief Justice Burns

In this interlocutory appeal we are asked to determine whether the trial court

erred in denying in part a motion to dismiss premised on the Texas Citizens

Participation Act (TCPA). Concluding it did not, we affirm.

## BACKGROUND

This dispute arises between Abundant Life Therapeutic Services Texas, LLC

and its former employee, Headen. Headen initially contracted with Abundant Life

as an independent consultant contractor. As his relationship with the entity

deteriorated, he entered into an employment agreement with it, executed on behalf

of Abundant Life by one of its managers without the knowledge of the others.

Pursuant to a lengthy email in which Abundant Life explained numerous reasons for its decision, on February 21, 2019, Headen's consultant relationship with Abundant Life was terminated.

On March 9, 2018, one of Abundant Life's owners filed suit in a Harris County district court against the entity and another of its owners (the Harris County Lawsuit), who promptly counterclaimed. Additional related entities intervened and filed third-party claims, including a third-party claim asserted against Headen. Headen filed counterclaims against various parties. After the initial parties settled their claims against each other, the claims by and against Headen were nonsuited, which terminated the Harris County Lawsuit.[1]

On October 15, 2018, Headen filed this lawsuit. Following four amendments, and after Abundant Life successfully challenged numerous claims from the earlier pleadings in a TCPA motion preceding the one we address, Headen filed his Fifth Amended Petition. Headen alleged claims for defamation, conspiracy to inflict emotional distress, abuse of process, RICO racketeering, breach of contract,

---

[1] Shortly after his termination, Headen filed a complaint with the Department of Health and Human Services Office for Civil Rights (OCR), premised on Abundant Life's alleged violations of the Health Insurance Portability and Accountability Act (HIPAA). OCR declined to investigate two of the complaints and resolved the others through technical assistance agreements. Headen also filed a complaint with the Texas Medical Board regarding the alleged corporate practice of medicine by several of Abundant Life's principals, on which the Board took no action. Additionally, Headen filed a Qui Tam action, which the federal court in which it was pending dismissed with prejudice. And, Headen filed a wage claim with the Texas Workforce Commission, pursuant to which he swore he was Abundant Life's employee, despite his prior consultant status. The TWC issued a Preliminary Wage Determination Order in which it confirmed Headen's employee status. Although Abundant Life appealed the decision, it was affirmed.

promissory estoppel, and negligent misrepresentation. The trial court granted Abundant Life's second TCPA motion in part, denying it only as to the last three claims. Abundant Life appeals denial of its motion as to those remaining claims.

**DISCUSSION**

We review de novo the trial court's ruling on a TCPA motion.[2] *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). Our review entails considering, in the light most favorable to the non-movant, the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based. TEX. CIV. PRAC. & REM. CODE § 27.006(a) (hereafter, "TCPA"); *Lei v. Nat. Polymer Int'l Corp.*, 578 S.W.3d 706, 712 (Tex. App.—Dallas 2019, no pet.). In interpreting the TCPA, as any statute, we apply it as written, giving undefined terms their "ordinary meaning." *State v. $1,760.00 in U.S. Currency*, 406 S.W.3d 177, 180 (Tex. 2013) (per curiam); *Levatino v. Apple Tree Cafe Touring, Inc.*, 486 S.W.3d 724, 728 (Tex. App.—Dallas 2016, pet. denied).

The first step in any TCPA analysis requires the movant to establish by a preponderance of evidence that the challenged legal action is "based on, relates to,

---

[2] The Texas Legislature amended the TCPA effective September 1, 2019. Those amendments apply to "an action filed on or after" that date. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law. Serv. 684, 687. This lawsuit was filed on April 3, 2019; thus, the law in effect before September 1 applies. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500. All citations to the TCPA are to the version before the 2019 amendments took effect.

3

or is in response to the party's exercise of the right of free speech, the right to petition, or the right of association." TEX. CIV. PRAC. & REM. CODE § 27.005(b); *Goldberg v. EMR (USA Holdings) Inc.*, 594 S.W.3d 818, 824 (Tex. App.—Dallas 2020, pet. denied). Subsequent burden shifting occurs if the movant establishes its initial burden. Here, Abundant Life failed in this first task.

Abundant Life's first issue asserts the trial court erred in denying its TCPA motion with respect to Headen's breach of contract, promissory estoppel, and negligent misrepresentation claims. It contends the claims fall within the "right to free speech" or the "right to petition" prongs of the statute. We address each argument in turn.

### 1. The claims do not implicate Abundant Life's right of free speech

Abundant Life argues first that the claims at issue are subject to the TCPA's protection under the statute's "right to free speech" umbrella. In the context of the statute, that right means "communications related to 'matters of public concern'" which in turn is defined "to include an issue related to: a good, product, or service in the marketplace.'" *In re Lipsky*, 460 S.W.3d 579, 586–87 (Tex. 2015) (quoting TCPA §§ 27.005(b); 27.001(3), (7)(E)). Specifically, Abundant Life contends the communications at issue relate to Headen's "services in the marketplace."

"Not all communications made in connection with a matter related to health or safety, environmental, economic, or community well-being, or a good, product,

4

or service in the marketplace will constitute the exercise of the right of free speech under the TCPA." *Goldberg,* 594 S.W.3d at 828. Instead, a "matter of public concern" generally does not encompass purely private matters. *Id.*; *Lei*, 578 S.W.3d at 715 (Private communications in connection with a business dispute do not involve matters of public concern when the communications address only private economic interests and make no mention of health or safety).

In support of its argument, Abundant Life directs us to *Adams v. Starside Custom Builders*, *LLC*, 547 S.W.3d 890, 894 (Tex. 2018), in which the supreme court determined that defamatory communications made by an individual about a homebuilder and neighborhood developer involved the developer's services in the marketplace. But the services at issue and the communications about them in *Adams* referenced work for the residents of a residential development including a "common area," rather than just services provided to an individual. *Id.* at 895. The same is not true here. Headen's services were not provided to "the marketplace;" they were provided privately, to Abundant Life. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 134 (Tex. 2019) ("The 'in the marketplace' qualifier suggests that the communication about goods or services must have some relevance to a wider audience of potential buyers or sellers in the marketplace, as opposed to communications of relevance only to the parties to a particular transaction."). We conclude the trial court did not err in determining Abundant Life failed to

demonstrate communications protected by the TCPA's protection of the "right to free speech."

**2.     The claims do not implicate Abundant Life's right to petition**

Abundant Life argues Headen views the Harris County Lawsuit as part of Abundant Life's "overall strategy," to harass and distress Headen, by terminating him without cause. More specifically, Abundant Life contends Headen's breach of contract, promissory estoppel, and negligent misrepresentation claims—the only claims at issue here—are "based on, relate to, or are in response to" the Harris County Lawsuit.

Triggering the TCPA's protection requires that the alleged communication satisfying the TCPA's definition of the "exercise of the right to petition" provide the factual predicate for the challenged "legal action." *Dyer v. Medoc Health Services, LLC*, 573 S.W.3d 418, 429 (Tex. App.—Dallas 2019, pet. denied) ("In order to trigger the TCPA's protection, the 'legal action' must be 'factually predicated on the alleged conduct that falls within the scope of [the] TCPA's definition of 'exercise of the right of free speech, petition, or association.'") (quoting *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 879 (Tex. App.—Austin 2018, pet. denied)). "Any activities by the movant that are not a factual predicate for the non-movant's claims are not pertinent to our inquiry regarding whether the TCPA applies." *Riggs & Ray, P.C. v. State Fair of Tex.*, No. 05-17-00973-CV, 2019 WL 4200009, at *4 (Tex.

App.—Dallas Sept. 5, 2019, pet. denied) (mem. op.). In undertaking our inquiry, we are mindful of our obligation to consider the pleadings in the light most favorable to the non-movant and supportive of the conclusion that the non-movant's claims are not reliant on protected expression. *Damonte v. Hallmark Fin. Servs., Inc.*, No. 05-18-00874-CV, 2019 WL 3059884, at *5 (Tex. App.—Dallas July 12, 2019, no pet.) (mem. op.).

While Headen's superseded petitions, as well as his live Fifth Amended Petition, *reference* the Harris County Lawsuit, the specific claims at issue rest upon Abundant Life's a) breach of Headen's consulting contracting[3] by terminating it and refusing to pay him; b) failure to pay Headen following termination of the consulting contract (promissory estoppel); and, c) supply of false information regarding Headen's financial interests in his consulting and employment contracts (negligent misrepresentation). Rather than communications "in or pertaining to" the Harris County Lawsuit, we conclude the communications underlying these claims are "based on, relate to, or are in response to" Headen's termination, the event and communications on which the claims are factually predicated. *See Dyer*, 573 S.W.3d at 428; *Riggs & Ray, P.C.*, 2019 WL 4200009, at *4; *see also Clinical Pathology Labs., Inc. v. Polo*, No. 08-19-00067-CV, 2020 WL 4519803, at *7 (Tex. App.—El

---

[3] Headen asserts he was a third-party beneficiary of the contract between Abundant Life and Headen Consulting, which he frames as an "unregistered husband-wife partnership."

7

Paso Aug. 6, 2020, pet. filed) (mem. op.) (concluding lawsuit alleging retaliatory discharge claim was predicated on discharge, rather than communications predicating the discharge).

We decline to rely on *Cavin v. Abbott*, 545 S.W.3d 47 (Tex. App.—Austin 2017, no pet.) for the contrary conclusion as advocated by Abundant Life. In that case, the Austin court concluded an abuse of process claim was factually predicated on discovery subpoenas served by the non-movants. *Id.* at 65. That scenario provides a far different analysis than claims dependent on termination of consultant and employment contracts, despite the parties' prior entanglement in acrimonious litigation. We conclude Abundant Life failed to demonstrate Headen's claims, as TCPA "communications," were factually predicated on a judicial proceeding and thus fell within the TCPA's protection of the right to petition.

Accordingly, we overrule Abundant Life's first issue. In light of our resolution of its first issue, we need not address the remaining issues. See TEX. R. APP. P. 47.1. We AFFIRM.

/Robert D. Burns, III/

ROBERT D. BURNS, III
CHIEF JUSTICE

200145F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ABUNDANT LIFE THERAPEUTIC
SERVICES TEXAS, LLC, Appellant

No. 05-20-00145-CV      V.

THOMAS T. HEADEN, III,
Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-15576.
Opinion delivered by Chief Justice
Burns. Justices Pedersen and Evans
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THOMAS T. HEADEN, III recover his costs of this appeal from appellant ABUNDANT LIFE THERAPEUTIC SERVICES TEXAS, LLC.

Judgment entered December 11, 2020

9